UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., | Docket No.: 20-CV-02207 (LGS) |
| Plaintiff, | **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| -against- | |
| THE TRAVELERS INDEMNITY COMPANY, | |
| Defendant. | |

LORNA G. SCHOFIELD, U.S.D.J.:

WHEREAS, Plaintiff Consolidated Edison Company of New York, Inc. ("Con Ed") and Defendant The Travelers Indemnity Company ("Travelers") (sometimes collectively referred to herein as the "Parties" and individually as a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following Confidentiality Agreement and Protective Order ("Order"); and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored protective order,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing or having access to discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

The parties' stipulated confidentiality order is approved. The parties are advised that the Court retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

SO ORDERED.        Dated: October 15, 2020        New York, New York

1. With respect to the information of any kind produced or disclosed in the course of discovery in this action ("Discovery Material") that a person has designated as "Confidential" pursuant to this Order ("Confidential Discovery Material"), no person subject to this Order may use such Confidential Discovery Material or disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential the portion of such material that it reasonably and in good faith believes consists of the following: (a) a trade secret, proprietary business information, business-operations/procedures information or other sensitive business information pertaining to a party or a party's customers, insureds or clients; (b) business plans, product-development information, advertising, marketing or similar information; (c) sensitive material relating to any claim, investigation, complaint, petition, lawsuit or other legal proceeding arising out of the claimed March 12, 2014 gas explosion at Park Avenue between East 116th and East 117th Streets, New York, New York or any other accident at issue in this matter (the "Underlying Accident"); (d) information that is privileged or otherwise protected from disclosure *vis a vis* any of the parties to the actions, lawsuits, petitions, complaints or any other legal proceedings against Con Ed and/or The Hallen Construction Company, Inc. ("Hallen") arising out of the Underlying Accident and/or any investigations or regulatory proceedings relating to the Underlying Accident ("Underlying Actions"); (e) any information of a personal, medical or intimate nature regarding any individual; (f) information concerning the drafting history of any policy, or portion thereof, at issue in this matter; (g) information that refers or relates to the negotiation, underwriting, placement, purchase, drafting, rating, calculation of premiums, billing, invoicing, execution of, or payment for the policies at issue; (h) statements made to insurance regulators; (i) any other category of information

the Parties agree should be afforded confidential status; or (j) any other category of information this Court subsequently affords confidential status.

3. With respect to Confidential Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such material or a portion thereof as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected material in a manner that will not interfere with legibility or audibility, including, in the case of electronically stored information produced in native format, by including "Confidential" in the file name; and (b) to the extent that an entire document has not been designated as "Confidential," producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. A Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for or that testimony includes Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 45 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating Party or that person's counsel. During the 45-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If any Party inadvertently produces or otherwise discloses any information or documents without marking them with the appropriate designation, that Party may give notice to

the receiving Party that the material should be treated in accordance with the terms of this Order, and shall forward appropriately designated copies of the items in question. Thereafter, this Court and all persons subject to this Order will treat such designated material as Confidential. The inadvertent disclosure shall not be deemed a waiver of confidentiality. Within fourteen (14) days of the receipt of substitute copies, and upon request, the receiving Party shall return or, upon permission of the Producing Party, destroy the previously unmarked items (including all copies thereof).

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or other protection; or (c) a waiver, admission or ruling regarding the admissibility at trial or discoverability of any document, testimony, or other evidence.

7. Where a Party has designated Discovery Material as Confidential, persons subject to this Order may disclose such information only to the following persons: (a) the Parties to this action, including personnel of Con Ed or Travelers actually engaged in assisting in the preparation of this action for trial or other related proceedings; (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter; (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel or the Parties hire and assign to this matter; (d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints; (e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy; (f) any witness or potential witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, or who may have information relevant to the claims and/or defenses in this action; (g) any person a Party retains to

serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action; (h) stenographers engaged to transcribe depositions the Parties conduct in this action; (i) this Court, including any appellate court, its support personnel, and court reporters; and (j) any other person agreed to by the Parties.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), 7(g), and 7(j) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement.

9. Recipients of Confidential Discovery Material may use such material solely for the prosecution or defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose, in any other litigation proceeding, or for any other purpose. Any Party seeking to place Confidential Discovery Material before the Court shall seek to do so under seal and/or with redactions in accordance with Section I.D. of the Honorable Lorna G. Schofield's Individual Rules and Procedures, or in accordance with the rules and procedures of any Judge then assigned to this matter.

10. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the other Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for any affected Party may address their dispute to the Court in accordance with Section III.C.3 of the Honorable Lorna G. Schofield's Individual Rules and Procedures, or in accordance with the rules and procedures of any Judge then assigned this matter. Subject to that set forth in Paragraph 16 below, at any time, a Party may withdraw its own confidentiality designation. If a Party

withdraws a confidentiality designation, that Party shall provide notice that it is doing so, and a copy of the material without the confidentiality designation.

11. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Party a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Section III.C.3 of the Honorable Lorna G. Schofield's Individual Rules and Procedures, or in accordance with the rules and procedures of any Judge then assigned to this matter.

12. Subject to that set forth in paragraph 16 below, nothing in this Order will affect or restrict the rights of any Party with respect to its own documents or information produced in this action, documents or information the receiving Party lawfully receives from a third party without restriction as to disclosure (provided such third party has the right to make the disclosure to the receiving party), and/or any documents or information that were in the public domain at the time of disclosure or become part of the public domain through no fault of the receiving party.

13. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful judge-issued subpoena, order or other compulsory process commanding production of such material, or if required to produce it by a court or government agency having jurisdiction, provided that such Party gives written notice to the other Party at least 30 days before any disclosure. Upon receiving such notice, that Party may oppose compliance with the subpoena, order, other compulsory process, or any other legal notice if that Party deems it appropriate to do so.

14. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due and reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of the pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

16. The Parties recognize that there may be certain Discovery Material that was produced, exchanged, created, maintained, sent or received in connection with the Underlying Actions and/or Underlying Accident that is, from the perspective of both Parties, sensitive, privileged and/or should otherwise be protected from disclosure to parties outside of this litigation ("Jointly Protected Information").  Notwithstanding anything else herein and in accordance with this Order and applicable law, a non-producing Party may take any steps reasonable and necessary to seek or maintain a confidential designation of, and/or restrict the use or disclosure of, any Jointly Protected Information in which it has a legitimate interest in maintaining such confidentiality,

whether such Jointly Protected Information is produced by the other Party or a non-party. A Party may also take any steps reasonable and necessary to seek or maintain a confidential designation of, and/or restrict the use or disclosure of, any documents or information produced by a non-party in this matter, in which it has a legitimate interest in maintaining such confidentiality.

17. In accordance with Fed. R. Evid. 502(d) and (e) and Section II.A.2 of the Honorable Lorna G. Schofield's Individual Rules and Procedures for Civil Cases, the disclosure of attorney-client privileged, work product protected or any other privileged or protected information in this matter does not constitute a waiver in this proceeding, or in any other federal or state proceeding, except when a party intentionally waives the privilege or protection by disclosing such information to an adverse party as provided in Fed. R. Evid. 502(a). A Party that produces attorney-client privileged, work product protected or any other privileged or protected information to an adverse party in this matter without intending to waive the privilege or protection shall promptly notify the adversary that it did not intend a waiver by its disclosure. Any dispute regarding whether the disclosing party has properly asserted the privilege or protection will be brought promptly to the Court, if the parties are not themselves able to resolve it. Further, the provisions of Fed. R. Evid. 502(b)(2) are inapplicable to the production of ESI.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: October 15, 2020
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Dated: New York, New York
      August 25, 2020

SO STIPULATED AND AGREED,

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:   /s/ Alexander D. Hardiman
      Alexander D. Hardiman
      Benjamin D. Tievsky
      Hinako Gojima
31 West 52nd Street
New York, NY 10019
(212) 858-1000
alexander.hardiman@pillsburylaw.com
benjamin.tievsky@pillsburylaw.com
hinako.gojima@pillsburylaw.com
Attorneys for Plaintiff

LAZARE POTTER GIACOVAS & MOYLE LLP

By:   /s/ Andrew M. Premisler
      Stephen M. Lazare
      Andrew M. Premisler
747 Third Avenue
New York, New York 10017
(212) 758-9300
apremisler@lpgmlaw.com
slazare@lpgmlaw.com
Attorneys for Defendant

Dated: New York, New York
      August ___, 2020

SO ORDERED,    _____
                LORNA G. SCHOFIELD, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., | Docket No.: 20-CV-02207 (LGS) |
| Plaintiff, | **NON-DISCLOSURE AGREEMENT** |
| -against- | |
| THE TRAVELERS INDEMNITY COMPANY, | |
| Defendant. | |

   I, _____, acknowledge that I have read and understand the Confidentiality Agreement and Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not use such Confidential Discovery Material or disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Confidentiality Agreement and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Confidentiality Agreement and Protective Order could subject me to punishment for contempt of Court.

Dated:

_____

10